still demand a jury for the purposes of the assessment; while, if he has not appeared, the plaintiff may, although the defendant has forfeited such right. To this extent, the provision of the statute requiring the assessment to be made by a jury, which existed before the Constitution of 1850, is modified by it and subsequent legislation.

The judgment of the Circuit Court must be reversed, and the case sent back for re-assessment of damages.

The other Justices concurred.

———— ◄►► ————

### James D. Franklin v. James P. Mansfield.

Notice of Hearing. What is sufficient.

*Heard and Decided April 21st.*

Error to Wayne Circuit.

*A. Russell,* moved to strike this cause from the docket for the want of a proper notice of hearing. The following is a copy of the notice:

" State of Michigan. In the Supreme Court for the state of Michigan. James D. Franklin, plaintiff in error *v.* James P. Mansfield, defendant in error. Detroit, March 27, 1860. Sir: Take notice that the above entitled cause will be brought on for hearing and argument, at the next term of said Court, to be held at the city of Detroit.

Yours &c.,

MOORE & BLACKMAR,

*Att'ys for Def't in error.*

To Messrs. WALKER & RUSSELL, *Atty's for Plff. in error.*"

Mr. Russell claimed that the notice failed to comply with the rules in three particulars:

1. It does not show to what clerk's office the papers were originally returned: *Rule* 43. 2. It does not name the term at which it is designed to bring the cause to

a hearing.   3. It is not a notice of hearing for the *first day* of the term: *Rule* 25.

*W. A. Moore*, contra.

THE COURT held the notice sufficient.

---

### Robert M'Laughlin v. The Detroit and Milwaukee Railway Company.

A certificate issued by a corporation in the ordinary form of certificates of stock, but containing a promise on the part of the corporation to pay interest thereon until the happening of a specific event, constitutes the person to whom it is issued a stockholder and member of the company.

The corporation can not by a vote of the stockholders, without the individual assent of the holder, oblige him to receive their bond, instead of money, for the interest upon such certificate.

If a railway corporation have authority to issue such a certificate, they may ratify one which has been issued by their officers without authority. And, it is sufficient evidence of such ratification that the corporation, at a regular meeting of the stockholders, pass a resolution for the payment in their bonds of interest on such certificate.

*Heard April 20th.   Decided April 25th.*

Case made after judgment, from Shiawassee Circuit Court, into which the cause had been removed by appeal from a justice of the peace.

The action was brought to recover interest upon a certificate of which the following is a copy:

"State of Michigan. No. 662. 10 *Shares:* Detroit and Milwaukee Railway Company. Robert McLaughlin, of Shiawassee county, is entitled to ten shares, of fifty dollars each, of the capital stock of the Detroit and Milwaukee Railway Company, transferable in person or by attorney only on the surrender of this certificate, and bearing interest at seven per cent., payable 1st January and 1st July, until the road is open to Lake Michigan. In witness whereof, the president and treasurer of the said company